IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FAYE E. HARRISON                                                            PLAINTIFF

VS.                                4:06CV00904-WRW

UNIVERSITY OF ARKANSAS FOR
MEDICAL SCIENCES                                              DEFENDANT

**ORDER**

Pending is Defendant's Motion to Dismiss[1]  No response was filed.

This is a wrongful termination action brought under the Age Discrimination in Employment Act[2] ("ADEA") and Title VII of the Civil Rights Act of 1964.[3]  Defendant, University of Arkansas for Medical Services ("UAMS"), argues that it is not a legal entity and cannot be sued, and that any action brought against the state under the ADEA is barred by the Eleventh Amendment.

**I.  Background**

Plaintiff filed a *pro se* Complaint,[4] alleging that she was fired on February 2, 2006 because of age and gender.  The EEOC's "Notice of Right to Sue"[5] was issued on July 19, 2006, and Plaintiff filed this lawsuit timely.

---

[1]Doc. No. 11.

[2]29 U.S.C. §§ 621-634.

[3]42 U.S.C. §§ 2000e-5.

[4]Doc. No. 2.

[5]Doc. No. 2 (see attachment to the complaint).

Plaintiff's Motion to Appoint Counsel[6] was granted,[7] but the appointed lawyer withdrew. After this, five lawyers were appointed and also withdrew.[8]  On June 6, 2007, a sixth lawyer was appointed.  This lawyer did not withdraw, but, he did not attempt to amend the complaint, and did not file a response to Defendant's motion, despite being ordered to do so.[9]

**II.  Discussion**

Defendant correctly points out that Plaintiff sued the wrong party.  The named Defendant, UAMS, is not a legal entity but an extension of the University of Arkansas,[10] which is a state agency controlled by a private corporation -- the Board of Trustees of the University of Arkansas.[11]  This District,[12] and the Arkansas Supreme Court[13] have held that UAMS cannot being sued.  Plaintiff should have sued the University of Arkansas or the Board of Trustees, or both.

Because Plaintiff's complaint is fatally flawed, an appropriate action would be to dismiss it without prejudice.  However, the Eighth Circuit Court of Appeals has held that, under

---

[6]Doc. No. 10.

[7]Doc. No. 14.

[8]Doc. Nos. 23, 28, 35, 39, and 42.

[9]Doc. No. 45 (Plaintiff's lawyer was ordered to respond by August 17, 2007).

[10]Ark. Code Ann. § 6-64-601 (establishes a medical department for the University of Arkansas and states that it will be part of the state's higher education system).

[11]Ark. Code Ann. § 6-64-402 (places control and management of the medical department with the University of Arkansas Board of Trustees).

[12]*Assaad-Faltas v. University of Arkansas for Medical Sciences*, 708 F. Supp. 1026, 1029 (E.D. Ark. 1989) *aff'd*  902 F.2d 1572 (8th Cir. 1990) (unpublished table decision).

[13]*University of Arkansas for Medical Sciences v. Adams*, 354 Ark. 21, 24 (2003).

Title VII, a dismissal without prejudice operates to leave Plaintiff as if no action had been filed.[14] If this occurred, Plaintiff's claim would be barred by the 90-day statute of limitations applicable to Title VII and ADEA actions. Therefore, any dismissal of this case would be a dismissal with prejudice.

"Dismissal with prejudice is a harsh sanction which should be imposed only after balancing the policy of giving the plaintiff her day in court against policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures."[15] Generally, conduct that justifies this sanction is intentional delay or other egregious conduct.[16] Although Plaintiff's appointed counsel failed to act appropriately, she did nothing intentionally wrong.

In view of this, Plaintiff's appointed counsel is removed for failing to comply with my orders. In his place, Denise Hoggard,[17] is appointed as Plaintiff's counsel.

Because Ms. Hoggard will be starting from square one, she has 90-days[18] to file an Amended Complaint, which is due no later than 5:00 p.m., Tuesday, December 18, 2007.

---

[14]*Garrison v. International Paper Co.*, 714 F.2d 757, 759 n. 2 (8th Cir. 1983) (citing *Moore v. St. Louis Music Supply Co., Inc.*, 529 F.2d 1191, 1194 (8th Cir. 1976)).

[15]*Garrison*, 714 F.2d at 760 (8th Cir. 1983) (citing *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214 (8th Cir.1975).

[16]*Garrison*, 714 F.2d at 760.

[17]Ms. Hoggard is with Nestrud, Chissenhall, and Julian, Suite 2840, 400 West Capitol Avenue, Little Rock, Arkansas. Her office phone is (501) 372-5800.

[18]*Porter v. Beaumont Enterprise and Journal, Inc.*, 743 F.2d 269, 273 (5th Cir. 1984) (Fifth Circuit gave a Title VII plaintiff an additional 90 days to refile a complaint that was dismissed without prejudice).

Defendant's Motion to Dismiss is DENIED and may be refiled in response to Plaintiff's Amended Complaint.

IT IS SO ORDERED this 26th day of September, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE