**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**FAYE E HARRISON**                                                                    **PLAINTIFF**

**VS.**                                    **4:06CV00904-WRW**

**UNIVERSITY OF ARKANSAS**
**and BOARD OF TRUSTEES**
**OF THE UNIVERSITY OF ARKANSAS**                                **DEFENDANTS**

<u>ORDER</u>

     Pending is Defendants' Motion to Dismiss (Doc. No. 52).  Plaintiff has responded (Doc. No. 56).

     Plaintiff alleges Defendants discriminated against her based on her race, age, and gender, as well as retaliated against her during the course of her employment.[1]  Plaintiff's causes of action include violations of 42 U.S.C. § 1981, Title VII, the ADEA, the Arkansas Civil Rights Act, and a claim of intentional infliction of emotional distress.[2]  Plaintiff requests money damages, declaratory relief, and mandatory reinstatement.[3]  Defendants argue for dismissal of all claims because: 1) the Plaintiff did not use the appropriate statute for bringing her § 1981 claims; 2) the Defendants are not "persons" under § 1983; 3) the Defendants have Eleventh Amendment immunity; 4) a § 1983 claim cannot be based on respondeat superior; 5) sovereign immunity

---

[1]    Doc. No. 48.

[2]    *Id.*  Intentional infliction of emotional distress is known as outrage in Arkansas.

[3]    *Id.*

removes jurisdiction for the Arkansas Civil Rights Claims; and 6) sovereign immunity prevents

damages from being awarded for outrage.[4]

## I. Background

In January, 2005, Plaintiff Faye Harrison ("Harrison"), a black female, worked for

Defendant University of Arkansas Medical School ("UAMS") as an EKG technician in the Heart

Station Department.[5]  At UAMS, a younger black female supervised Harrison; a younger black

male was the only other EKG technician in the department.[6]  Harrison had completed a training

course, while her male counterpart had not.[7]

Harrison asserts that she adequately performed her job duties, receiving various

compliments for her work.[8]  However, she received an evaluation of only "satisfactory" on her

January, 2006, performance review.  Harrison also asserts that her younger male counterpart

received preferential work assignments, and help in those work assignments from her

supervisor.[9] Harrison allegedly worked a heavier workload alone.[10]

Thirteen days after Harrison's performance review, her supervisor and Mr. John R.

Keller, a white male, fired Harrison for failing to complete her job duties -- specifically, failing

---

[4]   Doc. No. 51.

[5]   Doc. No. 48.

[6]   *Id.*

[7]   *Id.*

[8]   *Id.*

[9]   *Id.*

[10]   *Id.*

2

to do EKGs ordered by physicians and to complete editing.[11]  The Department Chair allegedly

investigated neither whether discrimination motivated the termination, or if the termination

followed proper procedure, nor heard any further appeal from Harrison.[12]  Harrison claims she

has been unable to find work after being fired.[13]

## II. Standard

A motion to dismiss should not be granted unless it appears beyond doubt that a plaintiff

can prove no set of facts that would entitle him to relief.[14]  In a motion to dismiss, the

complaint's allegations must be accepted as true, and both the complaint and reasonable

inferences from it must be construed in a plaintiff's favor.[15]  A complaint should not be

dismissed merely because the complaint does not state with precision all elements that give rise

to a legal basis for recovery.[16]

## III. Discussion

### A. 42 U.S.C. §§ 1981 and 1983 Claims

Sovereign immunity, conferred on the states by the Eleventh Amendment to the United

States Constitution, removes federal court jurisdiction over suits between nonconsenting states

---

[11]    Doc. No. 48.

[12]    *Id.*

[13]    *Id.*

[14]    *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir. 1979).

[15]    *United States v. Mississippi*, 380 U.S. 128, 143 (1965).

[16]    *Bramlet v. Wilson*, 495 F.2d 714, 717 (8th Cir. 1974).

and their citizens, unless Congress revokes the states' immunity.[17]  The Eleventh Amendment

reads: "the judicial power of the United States shall not be construed to extend to any suit in law

or equity, commenced, or prosecuted against one of the United States by citizens of another

state, or by citizens or subjects of any foreign state."[18]  The Supreme Court has held that the

Eleventh Amendment also applies to suits against a state brought by its own citizens.[19]  The

Eighth Circuit generally holds that state universities enjoy Eleventh Amendment immunity.[20]

The Eighth Circuit has held that the states' Eleventh Amendment immunity specifically includes

the University of Arkansas ("UA") and its Board of Trustee ("Board").[21]

    Without a specific Congressional abrogation of immunity, UA and the Board are

protected from suit by the Eleventh Amendment.  Sections 1981 and 1983 do not abrogate

immunity.  In *Will v. Michigan Department of State Police*,[22] the Supreme Court held that § 1983

does not provide a federal forum for civil rights claims against states.  Further, the Eighth Circuit

recently held in *Bakhtiari v. Lutz* that state defendants must have waived their Eleventh

---

[17]   *Humenansky v. Regents of Univ. of Minn.*, 152 F.3d 822, 823-24 (8th Cir. 1998).

[18]   U.S. Const. Amend. XI.

[19]   *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

[20]   *Hadley v. North Arkansas Community Technical College*, 76 F.3d 1437, 1438 (8th Cir. 1996).  See *Becker v. University of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999); *Greenwood v. Ross*, 778 F.2d 448, 453 (8th Cir. 1985).

[21]   *Gooden v. Lovorn*, 32 Fed Appx. 179, 180 (8th Cir. 2002) (citing *Okruhlik v. University of Ark.*, 255 F.3d 615, 622 (8th Cir. 2001)).

[22]   *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).

Amendment immunity for § 1981 and § 1983 claims to be successful.[23]  UA and the Board did

not waive their immunity; therefore, Harrison cannot proceed with her § 1981 and § 1983 claims.

Additionally, for a successful claim under 42 U.S.C. § 1983, the discriminating entity

must be a "person."[24]  Section 1983, however, does not define "person."[25]  The Supreme Court

has held, "in common usage, the term 'person' does not include the sovereign, [and] statutes

employing the [word] are ordinarily construed to exclude it."[26]  UA and the Board are the State

of Arkansas, and therefore the sovereign, for Eleventh Amendment purposes.[27]  Harrison cannot

sue UA and the Board under § 1983.

Finally, all requested relief would be denied under § 1981 and § 1983.  The Eleventh

Amendment prohibits money damages against state actors if they would be paid from public

funds in the state treasury.[28]  The Eighth Circuit has held that while "state officials may be sued

in their official capacities for prospective injunctive relief without violating the Eleventh

---

[23]   *Bakhtiari v. Lutz*, 507 F.3d 1132, 1138 (8th Cir. 2007).

[24]   *Will,* 491 U.S. at 64.

[25]   42 U.S.C. § 1983.

[26]   *Will*, 491 U.S. at 64 (quoting *Wilson v. Omaha Tribe*, 442 U.S. 653, 667 (1979)).  See also *United States v. Cooper Corp.*, 312 U.S. 600, 604 (1941), and *United States v. Mine Workers*, 330 U.S. 258, 275 (1947).

[27]   See *Assaad-Faltas v. University of Arkansas for Medical Sciences*, 708 F.Supp. 1026, 1029 (E.D.Ark. 1989), *affirmed* 902 F.2d 1573 (8th Cir. 1990), *Okruhlik v. University of Arkansas ex rel. May*, 255 F.3d 615 (8th Cir. 2001) (incorporating the *Assaad-Faltas* decision as a recognition of the University of Arkansas's Eleventh Amendment Immunity).

[28]   *Edelman*, 415 U.S. at 663.

Amendment, the same doctrine does not extend to states or state agencies."[29]   Accordingly, the motion for dismissal of the § 1981 and § 1983 claims is GRANTED.

**B. Age Discrimination in Employment Act ("ADEA") Claims**

Similar to the § 1981 and § 1983 claims, Congress did not abrogate the states' Eleventh Amendment immunities under the ADEA.   While Congress attempted to do so through the ADEA's enforcement measure (which, in turn, uses the Fair Labor Standards' enforcement measure under 29 U.S.C. § 216), the Supreme Court held in *Kimel v. Florida Board of Regents* that such a waiver exceeded Congress's authority under § 5 of the Fourteenth Amendment.[30] Without an effective Congressional waiver of immunity, UA and the Board remain protected by the Eleventh Amendment against ADEA claims.   Further, Harrison admits in her response to the motion for dismissal that the State of Arkansas and its political subdivisions are immune from suit under the ADEA.[31]   The motion for dismissal of the ADEA claims is GRANTED.

**C. Title VII Claims**

**1. Gender Claims under Title VII**

In her complaint, Harrison alleges claims of racial, gender, and age discrimination, as well as retaliation.[32]   Harrison properly checked the boxes in her EEOC discrimination form for gender and age.[33]   The EEOC did an investigation and was "unable to conclude that the

---

[29]   *Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007).

[30]   *Kimel v. Florida Board of Regents*, 528 U.S. 62, 82 (2000).

[31]   Doc. No. 55.

[32]   Doc. No. 48.

[33]   Doc. No. 2.

information obtained established violations of the statutes."[34]   With the completion of the

investigation for her gender and age claims, Harrison exhausted her administrative options for

her gender discrimination claim.   Therefore, Defendant's Motion to Dismiss Harrison's Title VII

gender discrimination claim is DENIED.

### 2. Race and Retaliation Claims under Title VII

UA and the Board contend that Harrison did not exhaust her administrative remedies for

her racial discrimination and retaliation claims, because Harrison only checked the boxes for

gender and age discrimination on her EEOC complaint.[35]   An EEOC complaint does not need to

be exact, but it does need to give the employer notice.[36]   So, a civil suit's breadth under Title VII

is the same as the scope of an investigation that could reasonably have been expected to come

from the original discrimination charge.[37]   Therefore, Harrison exhausted her administrative

remedies for her claims of racial discrimination and retaliation only if the allegations made in her

complaint are "like or reasonably related" to the allegations actually brought before the EEOC.[38]

---

[34]   *Id.*

[35]   Doc. No. 51, Ex. 1.

[36]   *Wallace v. DTG Operations*, 442 F.3d 1112, 1123 (8th Cir. 2006).

[37]   *Stuart v. General Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000).

[38]   *Ross v. City of Independence*, 76 Fed Appx. 108, 109 (8th Cir. 2003) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)).

The Eighth Circuit has said that retaliation claims are not reasonably related to underlying discrimination claims,[39] unless the claims "grow out of" the original EEOC charge.[40] However, in Harrison's situation, the only action taken was her firing.  Since Harrison's termination occurred prior to her filing of the EEOC complaint, it cannot reasonably be said that her retaliation claim grows from her complaint.  Therefore, Harrison did not exhaust her administrative options for her claim of retaliation.  Accordingly, the Motion to Dismiss the Title VII retaliation claim is GRANTED.

The relationship between race and gender is more difficult.  Most cases determining whether two forms of discrimination are reasonably related base their discussion on the particulars provided by the plaintiff.[41]  When the facts of a complaint do not present separate and distinct claims, but describe the same conduct and implicate the same individuals, an additional claim raised in the complaint is reasonably related to the claims arising out of the original EEOC charge.[42]

---

[39]   *Wallin v. Minnesota Dept. of Corrections*, 153 F.3d 681, 688 (8th Cir. 1998).

[40]   *Wallace*, 442 F.3d at 1123 (citing *Wentz v. Maryland Cas. Co.*, 869 F.2d 1153, 1154 (8th Cir. 1989).

[41]   See *Fair v. Norris*, 480 F.3d 865 (8th Cir. 2007) (holding that sexual harassment and racial discrimination were not reasonably related because the incidents of sexual harassment occurred before the Plaintiff applied for a position, and the person accused of sexual harassment had no decision making role in Plaintiff's earlier application for a position); *Shannon v. Ford Motor Co.*, 72 F.3d 678 (8th Cir. 1996) (holding that sex discrimination claim for one job promotion and race discrimination claims in another job promotion scenario are separate, distinct instances of discrimination, and are therefore not reasonably related); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218 (8th Cir. 1994) (holding that retaliation claims based on unexhausted racial discrimination claims are not reasonably related).

[42]   See *Williams*, 21 F.3d at 223 (holding that separate and distinct claims are not reasonably related); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (holding "claims are not alike or reasonably related unless there is a factual relationship

Harrison's original handwritten EEOC complaint provides little detail as to the exact facts giving rise to her belief that she was discriminated against.  The narrative provides minimal information about actions Harrison's immediate supervisor took against her, the allegedly unnecessary warnings she received, and receiving different treatment than her fellow EKG tech.[43]  However, all of Harrison's complaints stem from the same set of actions, involve the same conduct, and revolve around the same people.[44]  Harrison's racial and gender discrimination claims are therefore reasonably related.  The Motion to Dismiss the Title VII racial discrimination claims is DENIED.

**D. Arkansas Civil Rights Act ("ACRA") and Tort of Outrage Claims**

If a federal statute allows a District Court to have jurisdiction, 28 U.S.C. § 1367 would normally allow state claims coming from the same case or controversy to also be heard.[45]  However, the Supreme Court has held, because of the Eleventh Amendment, § 1367 does not extend federal jurisdiction to state-law suits against nonconsenting states.[46]  Both the ARCA and outrage claims are state-law claims, and both the University and its Board have Eleventh

---

between them .... the EEOC charge and the complaint must, at minimum describe the *same conduct* and implicate the *same individuals*"); *Madigan v. Babbit*, 42 Fed Appx. 57, 59 (9th Cir. 2002) (applying the same conduct and individuals test); *Welsh v. City of Shawnee*, 182 F.3d 934 (10th Cir. 1999) (citing same conduct and individuals test).

[43]   Doc. No. 2.

[44]   *Id.*

[45]   28 U.S.C. § 1367(a).

[46]   *Raygor v. Regents of University of Minnesota*, 534 U.S. 533, 541-42 (2002) (holding "Prior to the enactment of § 1367, however, this Court held that the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal Court," and, "we hold that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants.").

Amendment immunity.  Therefore, this court does not have jurisdiction under § 1367 to hear

Harrison's state-law claims.  The motion to dismiss the claims based on ARCA and the Tort of

Outrage is accordingly GRANTED.

### E. Plaintiff's Request To Amend Her Complaint

In Harrison's brief supporting her opposition to the Motion to Dismiss, she asks to amend

her complaint.  Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to amend

their complaint with the court's permission.[47]  Noting that the Eleventh Amendment does not

provide a complete bar to relief, permission for Harrison to amend her complaint is GRANTED.

### IV. Conclusion

In sum, the Motion to Dismiss (Doc. No. 51) is GRANTED in part and DENIED in part.

The § 1981 and § 1983 claims, the ADEA claims, the Title VII claims for retaliation, the

Arkansas Civil Rights Act claims, and the outrage claims, are dismissed.  The Motion is

DENIED in connection with the Title VII gender and racial claims.  Harrison's Motion to

Amend (Doc. No. 55) is GRANTED.        Plaintiff is directed to submit her Amended

Complaint by 5:00 p.m., Monday, July 14, 2008.

IT IS SO ORDERED this 1st day of July, 2008.


                                             /s/Wm. R. Wilson, Jr.
                                             UNITED STATES DISTRICT JUDGE


---

[47]  Fed R Civ P. 15(a).